### FOR THE

### COUNTIES OF HAMPSHIRE, FRANKLIN AND HAMPDEN, SEPTEMBER TERM 1840, AT NORTHAMPTON.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice,
Hon. SAMUEL PUTNAM,
Hon. SAMUEL S. WILDE, } Justices.
Hon. CHARLES A. DEWEY,

---

## Samuel Whitmarsh *vs.* Hezekiah Walker, Jun.

An oral agreement for the sale of mulberry trees growing in a nursery and raised to be sold and transplanted, to be delivered on the ground where they are growing, upon payment therefor being made, is not a contract for the sale of an interest in or concerning lands, &c., within the statute of frauds — Rev. Sts. c. 74, § 1.

A license to enter upon land, and remove trees therefrom, passes no interest in the land, and, though not in writing, is valid, notwithstanding said statute.

Assumpsit for money had and received, and on an agreement set forth, with slight variations, in different counts, but in all of them in substance as follows, viz. that in September, 1838, the plaintiff, at the defendant's request, bought of him a great number of multicaulis mulberry trees, at the rate of twenty-five cents per hill, to be delivered on the ground where they then were, on demand by the plaintiff; that the plaintiff then paid $ 10 in part of the price, and promised to pay the residue of the price on the delivery of the trees ; and that, in consideration

thereof, the defendant then promised to deliver the trees to the plaintiff on demand. A demand by the plaintiff was alleged, and also an offer of payment by him, and a refusal by the defendant to deliver.

It appeared, at the trial before *Wilde*, J. that the agreement declared on was made, but not reduced to writing ; that the price of the trees was more than $ 50, but that the plaintiff paid $ 10, as alleged in the declaration ; and that the trees, at the time of the agreement, were growing in the defendant's close, and were nursery trees raised to be sold and transplanted.

The defendant objected that the agreement was void by the statute of frauds. The judge overruled the objection, and a verdict was found for the plaintiff. New trial to be had if the judge erred.

*Wells*, for the defendant, cited *Emmerson* v. *Heelis*, 2 Taunt. 38. *Mayfield* v. *Wadsley*, 3 Barn. & Cres. 357. *Earl of Falmouth* v. *Thomas*, 1 Crompt. & Mees. 89. *Scorell* v. *Boxall*, 1 Younge & Jerv. 396. *Shelton* v. *Livius*, 2 Tyrw. 420 *Crosby* v. *Wadsworth*, 6 East, 602. Com. Dig. Biens, H. 1 Swift's Digest (ed. of 1822), 258.

*Huntington*, for the plaintiff, relied on *Miller* v. *Baker* (*ante*, 27) as having decided that the trees were personal property. He also cited 1 Chit. Gen. Pract. 93. 1 Ld. Raym. 182, per *Treby*, C. J. *Erskine* v. *Plummer*, 7 Greenl. 447. *Latham* v. *Atwood*, Cro. Car. 515. *Parker* v. *Staniland*, 11 East, 362. *Warwick* v. *Bruce*, 2 M. & S. 205. *Evans* v. *Roberts*, 8 Dowl. & Ryl. 611. *Smith* v. *Surman*, 9 Barn. & Cres. 561. *Bostwick* v. *Leach*, 3 Day, 484. *Benedict* v. *Benedict*, 5 Day, 478. *Newcomb* v. *Ramer*, 2 Johns. 421, *note*. *Austin* v. *Sawyer*, 9 Cow. 39. *Mumford* v. *Whitney*, 15 Wend. 380.

WILDE, J. This action is founded on a parol agreement, whereby the defendant agreed to sell to the plaintiff two thousand mulberry trees at a stipulated price ; the trees, at the time of the agreement, being growing in the close of the defendant. It was proved at the trial, that the plaintiff paid the defendant in hand the sum of ten dollars, in part payment of the price thereof, and promised to pay the residue of the price on the delivery

of the trees, which the defendant promised to deliver on demand ; but which promise, on his part, he afterwards refused to perform. And the defence is that the contract was for the sale of an interest in land, and therefore void by the Rev. Sts. *c.* 74, § 1.

In support of the defence, it has been argued, that trees growing, and rooted in the soil, appertain to the realty, and that the contract in question was for the sale of trees rooted and growing in the soil of the defendant at the time of the sale. On the part of the plaintiff it was contended, that the trees contracted for were raised for sale and transplantation, and like fruit trees, shrubs and plants, rooted in the soil of a nursery garden, are not within the general rule, but are to be considered as personal chattels. This question was discussed and considered in *Miller* v. *Baker* (*ante*, 27), and we do not deem it necessary to reconsider it in reference to the present case. We do not con sider the agreement, set forth in the declaration and proved at the trial, as a contract of sale consummated at the time of the agreement ; for the delivery was postponed to a future time, and the defendant was not bound to complete the contract on his part, unless the plaintiff should be ready and willing to complete the payment of the stipulated price. *Sainsbury* v. *Matthews,* 4 Mees. & Welsb. 347. Independently of the statute of frauds, and considering the agreement as valid and binding, no property in the trees vested thereby in the plaintiff. The delivery of them and the payment of the price were to be simultaneous acts. The plaintiff cannot maintain an action for the non-delivery, without proving that he offered and was ready to complete the payment of the price ; nor could the defendant maintain an action for the price, without proving that he was ready and offered to deliver the trees. According to the true construction of the contract, as we understand it, the defendant undertook to sell the trees at a stipulated price, to sever them from the soil, or to permit the plaintiff to sever them, and to deliver them to him on demand ; he at the same time paying the defendant the residue of the price. And it is immaterial whether the severance was to be made by the plaintiff or the defendant. For a license for

Whitmarsh *v.* Walker.

the plaintiff to enter and remove the trees would pass no interest in the land, and would, without writing, be valid, notwithstanding the statute of frauds.

This subject was fully considered in the case of *Tayler* v. *Waters*, 7 Taunt. 374 ; and it was held that a beneficial license, to be exercised upon land, may be granted without deed, and without writing ; and that such a license, granted for a valuable consideration, and acted upon, cannot be countermanded. The subject has also been ably and elaborately discussed by chief justice *Savage*, in the case of *Mumford* v. *Whitney*, 15 Wend. 380, in which all the authorities are reviewed ; and we concur in the doctrine as therein laid down, namely, that a permanent interest in land can be transferred only by writing, but that a license to enter upon the land of another and do a particular act or a series of acts, without transferring any interest in the land, is valid, though not in writing. And such is the license on which the plaintiff relies in the present case.

Chancellor Kent, in his Commentaries (Vol. III. p. 452, 3d ed.), very justly remarks, that " the distinction between a privilege or easement carrying an interest in the land, and requiring a writing, within the statute of frauds, to support it, and a license which may be by parol, is quite subtil, and it becomes difficult, in some of the cases, to discern a substantial difference between them." But no such difficulty occurs in the present case. The plaintiff claims no right to enter on the defendant's land by virtue of the license. It is admitted that he had a legal right to revoke his license. But if he exercised his legal right in violation of his agreement, to the plaintiff's prejudice, he is responsible in damages. We think it therefore clear that, giving to the contract the construction already stated, the plaintiff is entitled to recover. If, for a valuable consideration, the defendant contracted to sell the trees and to deliver them at a future time, he was bound to sever them from the soil himself, or to permit the plaintiff to do it, and if he refused to comply with his agreement, he is responsible in damages.

*Judgment on the verdict.*